# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BLAKE WRIGHT, | ) |
| Petitioner, | ) |
| v. | ) NO. 3:19-cv-00808 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Blake Wright's Amended Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 ("the Petition"). (Doc. No. 5.) Wright argues that his 18 U.S.C. § 924(j) conviction in case number 3:11-cr-00012-30 should be vacated because it was based on a "crime of violence" that can no longer be considered a crime of violence after the Supreme Court's decision in United States v. Davis, 139 S.Ct. 2319 (2019). (Doc. No. 5 at 3.) For the following reasons, the Petition will be granted.

## I. BACKGROUND

On July 17, 2015, Wright pled guilty to one count of the Second Superseding Indictment charging him with murder in the course of discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 924(j) (Count 4). (Case No. 3:11-cr-00012-30, Doc. No. 2081 at 3-4.) The Second Superseding Indictment specified that the "crime of violence" supporting the § 924(c) charge was a "conspiracy to commit a Hobbs Act extortion and robbery." (Id.) Pursuant to the parties' Federal Rule of Criminal Procedure 11(c)(1)(B) Plea Agreement, Wright agreed to serve between 270 and 300 months of imprisonment and the Government agreed

to dismiss the independent Hobbs Act conspiracy count charged against him (Count 3).[1] (Case No. 3:11-cr-00012-30, Doc. No. 2608 at 3, 9.) On March 26, 2016, the Honorable Kevin T. Sharp sentenced Wright to a total term of 285 months imprisonment. (Case No. 3:11-cr-00012-30, Doc. No. 2761 at 2.) Wright did not appeal his conviction or sentence.

On September 12, 2019, Wright filed a pro se Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) The Court appointed counsel and ordered briefing.[2] (Doc. No. 2.) Appointed counsel subsequently filed the Petition on January 17, 2020 (Doc. No. 5), to which the Government did not respond.

## II.    LEGAL STANDARD

Section 2255 provides that a federal prisoner who claims that his sentence was imposed in violation of the Constitution, among other things, "may move the court which imposed the sentence to vacate, set aside or correct the sentence." To obtain relief under § 2255, the petitioner must demonstrate constitutional error that had a "substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

## III.   ANALYSIS

Wright moves to vacate his § 924(j) conviction as unconstitutional, arguing that the underlying crime of conspiracy to commit Hobbs Act robbery no longer qualifies as a "crime of

---

[1] Wright's Plea Agreement contained a detailed waiver of appellate and post-conviction rights, providing that Wright "waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255" except in certain situations not relevant here. (Case No. 3:11-cr-00012-30, Doc. No. 2608 at 10-11.) Without conceding that Wright waived his right to collaterally attack his conviction, "the Government advises that under the specific facts of the case at hand, the Government elects, as a discretionary matter, not to enforce the post-conviction waiver here." (Doc. No. 8 at 1.)

[2] The Court's December 2, 2019 Order contained a scrivener's error inadvertently setting briefing deadlines in early 2019, rather than 2020. (Doc. No. 2.)

violence" under the rule of United States v. Davis, 139 S.Ct. 2319 (2019). Although the Government has not filed a timely response[3] to the Petition, the Court must still make an independent determination about whether Wright is entitled to relief. See Alder v. Burt, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003) (collecting cases and noting that default judgment is not available in habeas corpus cases); see also Melville v. United States, No. 2:06-cv-992, 2008 WL 2682853, at *1 (S.D. Ohio July 1, 2008) ("Even where a respondent fails entirely to respond to a § 2255 petition a federal District Court should ordinarily proceed to the merits of the claims rather than enter a judgment of default.").

Wright pled guilty to violating 18 U.S.C. § 924(j), which is a violation of 18 U.S.C. § 924(c) that results in murder caused by a firearm. As relevant here, § 924(c) makes it illegal to use or carry a firearm "during and in relation to" any federal "crime of violence." "The statute proceeds to define the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause." Davis, 139 S.Ct. at 2324. According to § 924(c)(3), a felonious offense qualifies as a crime of violence if it "has an element the use, attempted use, or threatened use of physical force against the person or property of another" [i.e. the elements clause], or if "by its nature, [it] involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" [i.e. the residual clause]. 18 U.S.C. § 924(c)(3).

Given this background, Wright is entitled to his requested relief based on the following syllogism. The only "crime of violence" predicate offense for Wright's § 924(c) violation, and

---

[3] The Government's March 30, 2020 Status Report states that "[a]t the Court's direction, the Government will file a separate response setting forth its views on the merits of Wright's motion." (Doc. No. 8 at 1-2.) However, the Court's December 2, 2019 Order already required the Government to file a response—which it did not do—and the Court will not construe the Government's Status Report as a motion to extends its deadline.

3

thus his § 924(j) conviction, was a conspiracy to commit Hobbs Act robbery. (Case No. 3:11-cr-00012-30, Doc. No. 2081 at 3-4.) Conspiracy to commit Hobbs Act robbery qualifies as a crime of violence only under the residual clause in § 924(c)(3)(B). See United States v. Ledbetter, 929 F.3d 338, 361 (6th Cir. 2019). And the residual clause in § 924(c)(3)(B) was deemed "unconstitutionally vague" by the Supreme Court's recent opinion in Davis, 139 S.Ct. at 2236. Thus, Wright's conviction was unconstitutional because conspiracy to commit Hobbs Act robbery can no longer qualify as a crime of violence under the now-invalidated residual clause in § 924(c)(3), and there is no other qualifying predicate offense to support Wright's conviction under § 924(c) or 924(j). Accordingly, Wright's motion to vacate will be granted. See Ledbetter, 929 F.3d at 361.

**IV.   CONCLUSION**

For the foregoing reasons, Wright's Amended Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 5) is **GRANTED**. Wright's conviction of murder in the course of discharging a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 924(j) (Case No. 3:11-cr-00012-30, Doc Nos. 2761, 2762), is **VACATED**. Wright is ordered discharged from custody.

This is a final order. The Clerk shall enter judgment in this case in accordance with Federal Rule of Civil Procedure 58. The Clerk shall also enter a copy of this Order and Judgment in Case No. 3:11-cr-00012-30.

                                                             _____
                                                             WAVERLY D. CRENSHAW, JR.
                                                             CHIEF UNITED STATES DISTRICT JUDGE